UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANELL NICHOLAS,<br><br>     Plaintiff,<br><br>   -against-<br><br>THE CITY OF NEW YORK, JOSHUA WINTERS (SHEILD 1708), LUIS MARTINEZ (SHEILD 15063) and JOHN DOES 1-5<br><br>     Defendants | ECF CASE<br><br>**FIRST AMENDED COMPLAINT**<br><br>11-CV-2371 (KAM)(RML) |

**PRELIMINARY STATEMENT**

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Six Amendments to the United States Constitution, as well as plaintiff's rights under the laws of the State of New York.  Specifically, plaintiff alleges that, on November 20, 2010, defendants falsely arrested him, assaulted and battered him, made false allegations about him to the Kings County District Attorney's Office.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

**JURISDICTION**

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, Article 1, of the New York Constitution, and New York common law.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

4. This Court has pendent jurisdiction over plaintiff's state law claims for false arrest, false imprisonment, assault and battery, and negligent hiring, training and retention of employment services.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391.

## JURY DEMAND

6. The plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. Plaintiff DANELL NICHOLAS is a citizen of the United States and a resident of Bronx County.

8. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

9. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

10. At all relevant times herein, defendants JOSHUA WINTERS, LUIS MARTINEZ

and JOHN DOES 1-5 were police officers employed by the NYPD and were acting in the capacity of agent, servant and employee.

11. At all relevant times herein, defendants Winters, Martinez and Does 1-5 were assigned to the 77 Command.

12. At all relevant times herein, defendants Winters, Martinez and Does 1-5 were police officers employed by the NYPD and each one was acting in the capacity of agent, servant and employee of the City.

13. Plaintiff is unable to determine the actual names of the defendant Does 1-5 at this time and thus sues them under fictitious names.

14. At all times relevant herein, defendants Winters, Martinez and Does 1-5 were each acting under color of state law in the course and scope his and her duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Defendants Winters, Martinez and Does were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF FACTS

15. Plaintiff is a 24 year-old man with no criminal history. In the early morning hours of November 20, 2010, plaintiff was working as a disc jockey at a club located at Utica Avenue and St. John Place in Brooklyn, New York.

16. Plaintiff and a companion left the club and were on their way to the number 4 subway when a police officer approached and demanded plaintiff's companion's identification.

17. The officer grabbed plaintiff's companion and he and other police officers began to assault him.

18. An officer then grabbed plaintiff and threw him to the ground and officers kicked and punched plaintiff.

19. During the arrest plaintiff's chain was broken and he sustained injuries to his face, eyes, ribs and back.

20. Plaintiff was taken to the 77th Precinct for further arrest processing.

21. Plaintiff was arraigned the next day on November 21, 2010, in Kings County Criminal Court and released.

22. After his release from jail, plaintiff went to Montefiore Hospital in the Bronx.

23. On December 21, 2010, plaintiff appeared in Kings County Criminal Court and all charges where dismissed.

24. As a result of his unjustified arrest plaintiff suffered *inter alia*: pain, deprivation of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment and the violation of his Constitutional rights.

25. Within 90 days after plaintiff's arrest a notice of claim was served upon the Comptroller's Office at 1 Centre Street, New York, NY 10007.

26. More than 30 days have elapsed and plaintiff's claim has not been paid or adjusted.

27. This action has been commenced within one year and 90 days of the events giving rise to the claim.

## CAUSES OF ACTION

### FIRST CLAIM

**(FALSE ARREST)**

28. Plaintiff repeats the foregoing allegations.

29. No officer observed Plaintiff commit a crime on November 20, 2010.

30. At no time on November 20, 2010, did Plaintiff commit a crime.

31. Accordingly, Defendants violated the Fourth Amendment and state law because they arrested Plaintiff without probable cause.

**SECOND CLAIM**

**(UNREASONABLE FORCE)**

32. Plaintiff repeats the foregoing allegations.

33. In the course of arresting plaintiff, plaintiff was punched in the face and kicked and punched in the back.

34. This use of force was objectively unreasonable.

35. Accordingly, defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

**THIRD CLAIM**

**(FABRITCATION OF EVIDENCE)**

36. Plaintiff repeats the foregoing allegations.

37. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a crime.

38. Accordingly, defendants violated the Sixth Amendment by fabricating evidence against plaintiff and denying him a fair trial.

**FOURTH CLAIM**

**(MONELL CLAIM)**

39. Plaintiff repeats the foregoing allegations.

40. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

41. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## FIFTH CLAIM

### (PLAINTIFF'S STATE LAW CLAIMS AGAINST OFFICER WINTERS, OFFICER MARTINEZ AND DOES)

42. Plaintiff repeats and re-alleges the allegations..

43. The conduct of defendants Winters, Martinez and Does, as described herein, amounted to false arrest, false imprisonment and assault and battery in violation of New York state law.

## SIXTH CLAIM

### (PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )

44. Plaintiff repeats and re-alleges the allegations.

45. Because defendant Winters, Martinez and Does were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment and assault and battery.

46. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

47. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

49. In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

1. Compensatory damages in an amount to be determined by a jury;

2. Punitive damages in an amount to be determined by a jury;

3. Costs, interest and attorney's fees; and

4. Such other and further relief as the Court may deem just and proper.

DATED: September 29, 2011

New York, New York


_____/ss/_____
CHRISTOPHER WRIGHT(CW-8079)
Attorney at Law
305 Broadway, 14th Floor

            New York, New York 10007
            (212) 822-1419