UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DANELL NICHOLAS,

         **Plaintiff,**

    -against-

THE CITY OF NEW YORK, JOSHUA WINTERS,
LUIS MARTINEZ

         **Defendants.**

------------------------------------------------------------------------ x

ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND JOSHUA WINTERS

11-CV-2371(KAM)(RLM)

JURY TRIAL DEMANDED

    Defendants City of New York and Joshua Winters, [1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein and purports to seek relief as stated therein.

    2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of the Court as stated therein

    5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as Luis Martinez has never been served and therefore is not a party to this action.

6. Admit that plaintiff purports to demand a trial by jury.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations contained in paragraph "9" of the complaint, except admit that New York City has a police department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Joshua Winters and Luis Martinez are employed by the City of New York as police officers. Defendants also state that the allegations concerning "acting in the capacity of agent, servant, and employee" are conclusions of law to which no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that officers Joshua Winters and Luis Martinez are currently assigned to the 77 command and were assigned at the 77 command at the time of plaintiff's arrest.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that defendants Winters and Martinez are employed by the City of New York as police officers and were so employed at the time of plaintiff's arrest. Defendants also state that the allegations concerning "acting in the capacity of agent, servant, and employee" are conclusions of law to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to name unidentified officers "Does 1-5".

14. The allegations contained in paragraph "14" of the complaint set forth conclusions of law to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the complaint, except admit that plaintiff and his companion were stopped by police officers on November 20, 2010.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the complaint.

20. Admit the allegations contained in paragraph "20" of the complaint.

21. Admit the allegations contained in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the complaint.

23. Admit the allegations contained in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that a document purporting to be a notice of claim was received by the City of New York on February 3, 2011.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit the claim has not been settled.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that this case was filed on May 17, 2011.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations contained in paragraph "29" of the complaint.

30. Deny the allegations contained in paragraph "30" of the complaint.

31. Deny the allegations contained in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33. Deny the allegations contained in paragraph "33" of the complaint.

34. Deny the allegations contained in paragraph "34" of the complaint.

35. Deny the allegations contained in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations contained in paragraph "37" of the complaint.

38. Deny the allegations contained in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations contained in paragraph "40" of the complaint.

41. Deny the allegations contained in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations contained in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45. Deny the allegations contained in paragraph "45" of the complaint.

46. Deny the allegations contained in paragraph "46" of the complaint.

47. Deny the allegations contained in paragraph "47" of the complaint.

48. Plaintiff has failed to include a paragraph "48" and so no response is required.

49. Deny the allegations contained in paragraph "49" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

50. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

51. Defendants City of New York and Joshua Winters have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

52. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City of New York or Joshua Winters.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

53. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

54. Defendant Winters as not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

55. At all times relevant to the acts alleged in the complaint, defendant Winters acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

56. There was probable cause for plaintiff's detention, arrest and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

57. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

58. Plaintiff failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

59. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

60. Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** defendants City of New York and Joshua Winters respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 20, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City, Winters
100 Church Street
New York, New York 10007
(212) 676-1875

By: /s/
Kate McMahon
*Assistant Corporation Counsel*
Special Federal Litigation Division


To: Christopher J. Wright, Esq. (By ECF)
*Attorney for plaintiff*
305 Broadway, 14th Floor
New York, New York 10007

Docket No. 11-CV-2371(KAM)(RLM)

| UNITED STATES DISTRICT COURT |
| EASTERN DISTRICT OF NEW YORK |

**DANELL NICHOLAS,**

                                **Plaintiff,**

-against-

**THE CITY OF NEW YORK, JOSHUA WINTERS, LUIS MARTINEZ**

                                **Defendants.**

**ANSWER OF DEFENDANTS CITY OF NEW YORK, JOSHUA WINTERS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Joshua Winters*
*The City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Kate McMahon*
*Tel: (212) 676-1875*
*NYCLIS No. 2011-015173*

*Due and timely service is hereby admitted.*

*New York, New York. ...................................., 2011*

*............................................................................ Esq.*

*Attorney for ................................................................*

- 8 -